UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 10-73-DLB-CJS-2

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                              REPORT AND RECOMMENDATION

MAROCKO D. CONLEY                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On October 24, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Marocko D. Conley had violated conditions of his supervised release. Upon call of this matter at the Final Revocation Hearing, Defendant admitted to Violations 2 and 3 set forth in the Probation Officer's October 12, 2017 Supervised Release Violation Report (R. 143). The Government agreed to dismiss Violation 1. (R. 144). The parties then presented argument on the appropriate sentence. After hearing from the parties' counsel as well as Probation Officer Allison Biggs, followed by a statement from the Defendant, the matter was taken under submission by the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i). *See also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). For the following reasons, the undersigned **recommends** Defendant's **supervised release be revoked** and that he be **sentenced to a 13-month term of imprisonment, with no term of supervised release** to follow.

**I.     Background**

On September 2, 2011, Defendant Marocko D. Conley was sentenced to 38 months of incarceration, followed by a 36-month term of supervised release, following a plea of guilty to the

Government's charge of conspiracy to launder money in violation of 18 U.S.C. § 1956(h). (R. 115). Defendant began his term of supervised release on March 25, 2015. (R. 143).

Defendant now stands before the Court for violating the terms of his supervised release. The charged violations were presented to the Court via the Probation Officer's October 12, 2017 Supervised Release Violation Report. (*Id.*). At the call of the case for Final Revocation Hearing, defense counsel informed Defendant intended to admit the charges and proceed with a determination of an appropriate sentence; specifically, Defendant would plead to Violations 2 and 3 with the Government to dismiss Violation 1. The undersigned explained to Defendant the statutory maximum term of incarceration and supervised release, as well as the applicable guidelines range. The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the District Judge as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to plead guilty to Violations 2 and 3.[1] Specifically, Defendant admitted to the following violations of his supervised release and the factual circumstances set forth below:

**Violation #2:** The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C Violation).

**Violation #3:** The Defendant shall not commit another federal, state, or local crime. (Grade B Violation).

---

[1] The Government sought to dismiss Violation 1 set forth in the October 12, 2017 Violation Report in light of its overlap with Violation 2, both involving Defendant's ingestion of medication not prescribed to him. Violation 1 involved what Defendant alleges he thought he was taking at the time, and Violation 2 involves what Defendant actually ingested based upon laboratory testing. U.S. Probation does not object and dismissal will therefore be recommended to the presiding District Judge.

On October 4, 2017, the U.S. Probation Office asked Defendant to submit to a urinalysis. (R. 143). Upon laboratory testing, the specimen was positive for oxymorphone. (*Id.*). Pursuant to the Controlled Substances Act, oxymorphone is a Schedule II controlled substance. At the Final Revocation Hearing, Defendant admitted to using a controlled substance. Defendant stated that he had asked his neighbor for pain medication and the neighbor gave him pills that he believed to be Tylenol 3. Defendant ingested between 2-8 of the pills. Defendant did not have a prescription for the pills. This is a Grade C violation.

Ingestion of oxymorphone, a Schedule II controlled substance, is equivalent to unlawful possession of oxymorphone. *See United States v. Crace,* 207 F.3d 833, 836 (6th Cir. 2000). Accordingly, Defendant's possession of oxymorphone constitutes conduct that violated federal law, 21 U.S.C. § 844(a), in light of his prior drug convictions. Defendant Conley admitted that his ingestion and therefore possession of oxymorphone violated that condition of his supervision that he not engage in new conduct violative of federal law. This is a Grade B violation.

The undersigned is satisfied from the dialogue with Defendant at the October 24, 2017 Final Revocation Hearing that he understands the nature of the pending supervised release violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his admissions regarding the charges, and that he enters his admissions to the charges knowingly and voluntarily. Therefore, based upon Defendant's admissions, the undersigned finds and will recommend that the District Judge find that Defendant has violated the conditions of his supervised release as charged in Violations 2 and 3.

Defendant did not waive his right to allocute before the District Judge, or his right to appeal any sentence imposed by the District Judge. The parties did not reach an agreement on a suggested sentence for Defendant. Thus, the Court will now turn to consideration of the appropriate sanction for the violative conduct.

**II.     Sentencing**

    **A.     Legal Standard and Sentencing Guidelines**

The Court may revoke a term of supervised release after finding by a preponderance of the evidence that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court *must* revoke a defendant's supervised release where the defendant is found to have possessed a controlled substance, *see* 18 U.S.C. § 3583(g), or upon a finding of a Grade A or B violation. *See* U.S.S.G. § 7B1.3(a)(1). Application Note 6 to Section 7B1.4 of the Guidelines, however, provides that a court can consider in the case of a defendant with a failed drug test whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment. *See* U.S.S.G. § 7B1.4, app. note 6 (citing 18 U.S.C. §§ 3563(a), 3583(d)). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3583(e). In determining an appropriate sentence, the Court must consider the applicable policy statements in the Sentencing Guidelines, *see* United States Sentencing Guidelines (U.S.S.G.) Chapter 7, Part B, as well as the factors set out in 18 U.S.C. § 3553(a).

The scope of any new sentence imposed upon revocation is limited by statute. Defendant's underlying offense of conspiracy to launder money was a Class C felony. *See* 18 U.S.C. § 1956(a)(1)

and (h); 18 U.S.C. § 3559(a)(3). Accordingly, classification of Defendant's underlying criminal offense results in a maximum term of 24 months of incarceration upon revocation of his supervised release. *See* 18 U.S.C. § 3583(e)(3). In addition, the Court may impose another term of supervised release of up to 36 months, less any term of imprisonment that is ultimately imposed upon revocation of supervised release. *See* 18 U.S.C. § 3583(h).

In addition to statutory sentencing limits, the United States Sentencing Guidelines provide a recommended sentencing range. Here, Defendant's highest supervised release violation is a Grade B Violation for possession of a controlled substance. Based upon the grade of this violation, in conjunction with Defendant's criminal history category of V, a revocation range of imprisonment of 18 to 24 months is suggested. *See* Federal Sentencing Guidelines Manual § 7B1.4 (2011).

**B. Summary of Arguments of Counsel Regarding Sentencing**

Although Defendant agreed to admit to Violations 2 and 3, the parties did not agree on an appropriate sanction. At Defendant's Final Revocation Hearing, AUSA Robert McBride recommended that Defendant receive a term of incarceration on the low end of the guidelines range. He recommended an 18-month term of incarceration, to be followed by the statutory maximum remaining term of supervised release. To support this recommendation, AUSA McBride cited Defendant's pursuit of mental health treatment, his potential employment, and the amount of time Defendant was on supervised release before incurring these first violations. Nonetheless, AUSA McBride balanced these factors against the fact that Defendant's action in obtaining pills from a neighbor still constitutes the use of a controlled substance in violation of the Court's Judgment. He pointed out that Defendant chose to ingest a controlled substance instead of choosing to seek medical or psychological treatment. Moreover, AUSA McBride stated that while Defendant's underlying

conviction was for conspiracy to commit money laundering rather than an offense for possession of a controlled substance, the money laundering arose out of underlying drug trafficking offenses. A period of deterrence is necessary, AUSA McBride contended, in order to promote respect for the rule of law and orders of this Court.

In response, Attorney Dennis Alerding asked the Court to consider a downward deviation and impose a sentence of 60-90 days incarceration with continued supervised release. Defense counsel stated that this was Defendant's first offense on supervised release. Further, Mr. Alerding noted that Defendant was regularly receiving mental health treatment and that he had consistently reported to his Probation Officer during his term of supervised release. Defense counsel noted Defendant's willingness to admit to the violations. Moreover, while Defendant's Violations involved use and possession of a controlled substance, his underlying crime was not a drug offense nor was he engaging in conduct related to his underlying crime of conspiracy to commit money laundering. Accordingly, Mr. Alerding asserted that a downward deviation was sufficient but not more than necessary to comply with the appropriate sentencing factors.

**C.    Discussion**

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Upon consideration of the entire record, including the October 12, 2017 Violation Report (R. 143), the sentencing materials from the underlying Judgment, and the applicable policy statements, the undersigned recommends that Defendant's supervised release be revoked and that he be sentenced to a 13-month term of incarceration, followed by no further term of supervised release.

Although Violation 2 is a Grade B Violation, which carries a recommended guideline range of 18 to 24 months, the undersigned recommends that, under the totality of the circumstances, it is more appropriate for the District Court to view Defendant's actions as a Grade C violation, with a recommended guideline range of 7 to 13 months. While there is a rebuttable presumption of reasonableness if the sentence falls within a properly-calculated Guidelines range, *see United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc), the District Court may impose an upward or downward variance if the sentence is substantively reasonable taking into account the totality of the circumstances. *United States v. Castillo*, 289 Fed. App'x 71, 73 (6th Cir. 2008) (per curiam) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

A downward deviation placing Defendant at the high end of the guideline range for a Grade C violation, rather than a sentence for a Grade B violation, is appropriate because this is Defendant's first violation proceeding. He has been on supervised release since March 25, 2015—approximately two and a half years—with no recorded violations. Defendant has had no prior incidents involving controlled substances during his term of supervised release. Notably, Defendant has chosen to accept responsibility for his actions and admit to the violations. Treating Violation 3 as a Grade C violation therefore ensures that the imposed sentence is not greater than necessary to comply with the sentencing factors the Court is to consider pursuant to 18 U.S.C. § 3553.

While a downward deviation is appropriate, a term of incarceration of 13 months is necessary to ensure the sentence on revocation is sufficient to appropriately sanction Defendant for his admitted actions. With his first violation being limited to a controlled substance violation, the guidelines permit the court to consider something other than incarceration such as drug treatment. Application Note 6 to Section 7B1.4 of the Guidelines provides the Court with authority to consider

whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment. However, since Defendant maintains that he does not suffer from controlled substance abuse, and explained why he used controlled substances on the date in question, referral to a drug program is not warranted here. Officer Biggs confirmed to the Court that Defendant has had no other positive drug tests during the course of his supervision. While mental health treatment is more pertinent to Defendant's circumstances and may be warranted, Defendant has already actively engaged in mental health treatment for a long period of time. The Court notes that Mr. Conley accepted responsibility in the sense that he did admit to the violations. However, when he offered his statement to the court, the undersigned finds it concerning that instead of elaborating on taking personal responsibility for his actions, it appeared Defendant was instead critical of the mental health services made available to him by U.S. Probation. Defendant needs to use this time as an opportunity to rethink his focus and approach to dealing with issues and stressors that undoubtedly are going to surface in his life. Defendant should reassess his thinking patterns regarding those incidents, to avoid choosing deconstructive rather than constructive solutions.

     In light of the circumstances of the violation compounded by Defendant's high criminal history score, revocation and some incarceration is therefore appropriate and warranted. Moreover, because Defendant did not look to mental health treatment to preempt the circumstances of the violation, incarceration is proper to reinforce more appropriate choices and behavioral thinking and to deter that type of conduct in the future. Accordingly, approximately 13 months—the maximum sentencing guideline for a Grade C violation—is sufficient, but not greater than necessary, to comply

with the sentencing factors the Court is to consider pursuant to 18 U.S.C. § 3553 and appropriately sanction Defendant for his admitted actions.

It is also recommended that no new term of supervision follow Defendant's release from incarceration. Evident from the Violation Report and Defendant's statements in open court, he has difficulty conforming his behavior to the requirements of supervised release. He has demonstrated an unwillingness to cooperate with seeking and maintaining employment and the reporting requirements as to his most-recent employment. Also, he did not take advantage of mental health services made available to him. Defendant's original term of supervision was due to expire in March 2018. An additional term of supervision for Defendant would not be effective to facilitate his rehabilitation, and the services of the U.S. Probation Office are better utilized elsewhere. Accordingly, a 13-month term of incarceration with no supervised release to follow is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider under 18 U.S.C. § 3553.

Lastly, Defendant has requested that the Court recommend that he be placed at the federal correctional facility located closest to his home in Newport, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that:

1) Violation 1 of the October 12, 2017 Supervised Release Violation Report be **DISMISSED;**

2) Defendant **MAROCKO D. CONLEY** be found to have **VIOLATED** his supervised release as set out in Violations 2 and 3 of the October 12, 2017 Supervised Release Violation Report;

3) Defendant's supervised release be **REVOKED;**

4) Defendant be sentenced to the custody of the Attorney General for a term of imprisonment of **13 months, credit to be given for time served since his detention on the charged violations, with no term of supervised release to follow;**

5) the Court recommend that the Bureau of Prisons place Defendant at a facility closest to his home in Newport, Kentucky; and

6) Defendant having preserved his right to allocution, absent Defendant filing a waiver of allocution within **fourteen (14) days** of this Report and Recommendation, he should be given the opportunity to allocute before the presiding District Judge prior to sentencing.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated this 15th day of February, 2018.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\10-73 Conley R&R.final.wpd